UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIDIA KARINE SOUZA, and D.F., by and through his mother, LIDIA KARINE, SOUZA,<br><br>        Plaintiffs,<br><br>     v.<br><br>JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, et al.,<br><br>        Defendants. | No. 18 CV 4412<br><br>Judge Manish S. Shah |

**PRELIMINARY INJUNCTION ORDER**

    Plaintiffs' motion for a temporary restraining order and preliminary injunction, [8], is granted.

    Plaintiffs Lidia Karine Souza and her minor son, D.F., seek an order compelling the defendants (various components and officials of the United States government, Heartland Alliance International, LLC, and an operations manager at Heartland) to release D.F. into the custody of Souza. Souza and D.F. entered the United States illegally, and were separated. Souza was detained and prosecuted for illegal entry, and as a result, D.F. was designated an unaccompanied alien child under 6 U.S.C. § 279(g)(2). The Office of Refugee Resettlement placed D.F. with Heartland Human Care Services, and he is currently in their custody. Souza has completed her sentence for illegal entry and has been released on her own recognizance pending an asylum application. She seeks to be reunited with D.F.

    The government does not dispute that Souza is D.F.'s parent and she is fit to care for him. But the Office of Refugee Resettlement will not release D.F. to Souza until it completes some additional background checks related to the adults living in the home where Souza intends to stay with D.F. According to counsel for the government, a preliminary injunction issued by the United States District Court for the Southern District of California directs the government to reunite Souza and D.F. (as members of a certified class) within approximately 28 days, and the government intends to comply. Souza, however, argues that any continued separation from D.F. is unlawful, and should be immediately remedied. She seeks a TRO and a preliminary injunction; the government and Heartland have received notice of the

motion and have been heard in response. The government opposes the motion; Heartland does not. Since the defendants have received notice and have been heard, and since the standards for issuing a preliminary injunction are the same as for issuing a TRO, I consider the request to be for a preliminary injunction.

Plaintiffs must establish that (1) without preliminary relief, they will suffer irreparable harm before final resolution of their claims; (2) legal remedies are inadequate; and (3) their claim has some likelihood of success on the merits. If they make this showing, the court balances the harms to the moving parties, other parties, and the public. *Eli Lilly & Co. v. Arla Foods, Inc.*, No. 17-2252, 2018 WL 2998510, at *2 (7th Cir. June 15, 2018).

Plaintiffs have demonstrated some likelihood of success on their claim that continued separation of D.F. from his available, fit parent violates their due-process rights.* "Among the liberties protected by [the due process clause] is the right of parents to the custody of their children." *Dupuy v. Samuels*, 465 F.3d 757, 760 (7th Cir. 2006). The post-deprivation process provided to D.F. and Souza—the requirement that Souza complete forms and that the adults in the home submit to fingerprinting for background checks, so that ORR can be satisfied that D.F. will be released to a safe environment—may ordinarily be a reasonable balance of familial liberty interests and governmental interests in public safety and the administrative feasibility of immigration procedures. Indeed, a statute prohibits ORR from placing an unaccompanied alien child with a person or entity unless the government makes a determination that the custodian is capable of providing for the child's physical and mental well-being. 8 U.S.C. § 1232(c)(3)(A). But here, there is also a reasonable likelihood that since the process to date has established that Souza is fit and available, additional process only serves to interfere in the family's integrity with little to no benefit to the government's interests. It is also likely that D.F. no longer qualifies as an unaccompanied alien child—the statutory definition requires the absence of any parent or guardian in the United States or the unavailability of any parent or guardian to provide care and custody. 6 U.S.C. § 279(g)(2). Souza is present and available. The Office of Refugee Resettlement has no statutory basis to keep D.F. in custody if he is not an unaccompanied alien child. The government argues that once a child is designated unaccompanied, that designation cannot be challenged. *See generally D.B. v. Cardall*, 826 F.3d 721 (4th Cir. 2016). But that is not settled law, and as a matter of statutory interpretation where the parent's fitness is not disputed, it is reasonably likely that D.F. no longer falls under § 279(g)(2). His continued

---

* The first amended complaint cites to 28 U.S.C. § 2241, but it does not formally track a petition for a writ of habeas corpus. The relief requested in the pending motion, and its premise—that D.F. is in ORR custody in violation of the laws and Constitution of the United States—sound in habeas corpus, and I conclude that this court has jurisdiction over such a claim.

2

placement within ORR and Heartland likely violates the law, and at a minimum, likely interferes with familial integrity without sufficient procedural justification. This is a preliminary determination on a limited record, but plaintiffs have a reasonable likelihood of success.

Continued separation of D.F., a nine year-old child, and Souza irreparably harms them both. Money damages cannot repair the harm to familial integrity. *See Stanley v. Illinois*, 405 U.S. 645, 647 (1972) (delay in parental custody causes intangible deprivation, uncertainty, and dislocation). And finally, the harm to the defendants in immediately placing D.F. with Souza is negligible. There is no dispute that she is D.F.'s parent and she is fit. The government's interests in completing certain procedures to be sure that D.F. is placed in a safe environment and in managing the response to ongoing class litigation do not outweigh the family's interest in reuniting. The public has an interest in the government complying with 8 U.S.C. § 1232(c)(3)(A)—to ensure the well-being of children who find themselves in government custody—and the public has an interest in the constitutional right to familial integrity. The public-interest factor is neutral.

For these reasons, this Court orders that:

1. Defendants, their officers, agents, attorneys, and other persons in active concert with them who have notice of this order, shall release D.F. to the custody of Lidia Karine Souza on June 28, 2018.

2. No bond or security shall be posted to secure this order. A bond is unnecessary because of Plaintiffs' indigency and the minimal cost to the defendants from the risk of being wrongfully enjoined.

3. This order shall remain in place during the pendency of the litigation, without prejudice to any party seeking to modify or vacate it.

ENTER:

Date:   June 28, 2018

Manish S. Shah
U.S. District Judge